IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


RICHARD DeBLOIS                         *

                    v.                  *  CIVIL ACTION NO. CCB-10-1156

GREGG HERSHBERGER, et al.,              *

## MEMORANDUM

On April 26, 2010. Richard DeBlois, a Maryland prisoner, signed a petition for writ

of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  Respondents have filed a limited answer to the

petition (Paper No. 6), making this case ready for dispositive review.  After examining of these

papers, the Court finds no need for an evidentiary hearing.  *See* Rule 8(a), *Rules Governing*

*Section 2254 Cases in the United States District Courts; see also* 28 U.S.C. § 2254(e)(2).  For

the reasons that follow, the petition will be denied without prejudice as unexhausted.

## Procedural History

DeBlois pleaded guilty on March 17, 2008, in the Circuit Court for Baltimore County to

one count of first-degree assault, and was sentenced to twenty-five years incarceration.  Paper

No. 6, Exhibit 1 at 3, 6-7.  His application for leave to appeal the entry of the plea was

summarily denied by the Court of Special Appeals of Maryland on March 22, 2010, with the

court's mandate issuing on April 22, 2010.  *Id*., Exhibit 2.

While the application for leave to appeal was pending, DeBlois filed a petition for post-

conviction relief in the circuit court.  A hearing was held on December 14, 2009, and DeBlois

was granted the right to file a belated motion for reconsideration of sentence, but otherwise

denied relief.  *Id*., Exhibit 3.  DeBlois did not file an application for leave to appeal within thirty

---

[1] For reasons apparent herein, DeBlois' motion for reconsideration of his request for appointment of counsel (Paper
No. 10) shall be denied without prejudice.

days of the filing of the post-conviction decision, but later sought to reopen post-conviction proceedings for the purpose of re-dating and re-docketing the order so that an application for leave to appeal could be filed. *Id*., Exhibits 1 and 4. The order was granted on May 28, 2010, *id*., and an application for leave to appeal the adverse rulings of the post-conviction court, filed on June 11, 2010, *id*., Exhibit 1, remains pending.[2]

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings. To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. *See* Md. Ann. Code Art. 27, § 645I (1996 Repl. Vol.). If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See* Md. Cts. & Jud. Proc. Code Ann., §12-202 (1995 Repl. Vol.). If, however, the application is granted but relief on the merits of the claim is denied, the petitioner must seek certiorari to the Court of Appeals. *See Williams v. State*, 292 Md. 201, 210-11 (1981). DeBlois has not completed post-conviction review, and his petition here shall be dismissed without prejudice as unexhausted, to allow him to refile this case after completion of state post-conviction remedies.

DeBlois is advised that the Antiterrorism and Effective Death Penalty Act of 1996 amended 28 U.S.C. § 2244 to impose a one-year filing deadline on state prisoners filing

---

[2] Respondents do not have a copy of the application for leave to appeal, but state that personnel in the Clerk's Office of the Court of Special Appeals indicate the matter is docketed as No. 895 of the September 2010 Term.

applications for a writ of habeas corpus in federal court.[3]  Should he wish to refile this petition

once he has exhausted his available state court remedies, DeBlois should take care not to miss

this deadline.

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his

motion.  *See* 28 U.S.C. § 2253(c) (1). "A [Certificate of Appealability, or "COA"] may issue ...

only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at

§2253(c) (2). The petitioner "must demonstrate that reasonable jurists would find the district

court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S.

274, 282, (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, (2000)), or that "the issues

presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*,

537 U.S. 322, 335-36, (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)).

---

[3]This section provides:

      (1)     A 1-year period of limitation shall apply to an application
for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period
shall run from the latest of-

      (A)     the date on which the judgment became final by the
conclusion of direct review or the expiration of the time for seeking
such review;

      (B)     the date on which the impediment to filing an application
created by State action in violation of the constitution or laws of the
United States is removed, if the applicant was prevented from filing by
such State action;

      (C)     the date on which the constitutional right asserted was initially
recognized by the Supreme Court, if the right has been newly
recognized by the Supreme Court and made retroactively applicable to
cases on collateral review; or

      (D)     the date on which the factual predicate of the claim or claims
presented could have been discovered through the exercise of due
diligence.

      (2)     the time during which a properly filed application for State post-
conviction or other collateral review with respect to the pertinent judgment or
claim is pending shall not be counted toward any period of limitation under this
subsection.

The Court will not issue a certificate of appealability because DeBlois has not made the requisite showing. A separate order follows.


  October 21, 2010                                        /s/
Date                                            Catherine C. Blake
                                                United States District Judge